UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE BANDY, | ) | Case No.: 1:08 CV 2780 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| KEITH SMITH, Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On November 20, 2008, Petitioner Willie Bandy ("Bandy" or "Petitioner") filed a petition for writ of habeas corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction for one count of murder.  This court referred the case to Magistrate Judge Greg White ("Magistrate Judge White"), for preparation of a Report and Recommendation ("R & R"), which was issued on July 27, 2009. (R & R, ECF No. 17.)  Magistrate Judge White recommended that the court dismiss Bandy's Petition.  Bandy, thereafter, filed various documents in addition to his objection to this recommendation, including a Motion for Equitable Tolling (ECF No. 20) and Motion for Warden to Answer Why Petitioner is Being Held against his Liberties to Law Library (ECF No. 21).  For the reasons that follow, the court adopts the Report and Recommendation and dismisses Bandy's petition.  The court denies Bandy's Motion for Equitable Tolling and denies

as moot his Motion for Warden to Answer Why Petitioner is Being Held against his Liberties

to Law Library.

In the R & R, Magistrate Judge White concluded that Bandy's petition for writ of

habeas corpus is time-barred.  Specifically, he explained that Bandy was sentenced on June

7, 2002, after pleading guilty to one count of murder.  Instead of timely appealing the sentence

and conviction thirty days later, he waited until April 21, 2008, when he filed a motion for

leave to file a delayed direct appeal.  Both the Eighth District Court of Appeals and the

Supreme Court of Ohio summarily denied the appeal.  Bandy then filed the instant petition two

months after the termination of his state court appeals.

As correctly noted by Magistrate Judge White, the Antiterrorism and Effective Death

Penalty Act ("AEDPA"), which governs this Petition, includes a one-year statute of limitation

to file a habeas petition.  The statute further provides that the period begins to run from the

latest of any of the following dates:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Additionally, AEDPA and case law provides that post-conviction or other collateral review may toll the statute of limitations; however, if that period has already expired, collateral review does not re-start the running of the statute. *See* 28 U.S.C. 2244(d)(2); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Magistrate Judge White properly concluded that Bandy's period of limitation began to run on July 9, 2002, which was thirty days after his sentence was journalized, and that he had one year from that date to file the instant petition. He also rejected that any impediment or factual predicate, as defined under AEDPA, extended the time for the statute to begin running. With regard to an impediment, he found that even though the state court did not advise him of his appellate rights following his guilty plea, that failure did not constitute an impediment under AEDPA. (R & R at 6, citing *Miller v. Cason* 49 F. App'x 495, 497 (6th Cir. 2002)). He also determined that there was no factual predicate that would extend the date. Lastly, he held that Bandy was not entitled to equitable tolling, which tolls the running of the statute where a strict application of the rule would result in an inequity. (R & R at 9.)

After the filing of this R & R, Bandy filed two Motions, requesting an extension to file his objections. (ECF Nos. 18 and 19.) The court granted the Motion and extended the date to file objections until August 24, 2009. On August 19, Bandy filed a Motion for Equitable Tolling and filed an additional Motion (ECF No. 21), two days later, claiming that he was being denied access to the law library. He then filed his objections to the R & R on September 17, 2009. While the objections were filed beyond the extension granted by the court, Bandy indicated in his Motion seeking access to the law library that he could not draft his objections because he could not complete his library research. Therefore, the court will

consider Bandy's objections, as it appears that he had good cause to file them beyond the deadline.  Additionally, to the extent that the Motion regarding access to the library seeks further relief, the court denies the Motion as moot since Bandy was given access to the library; he has now filed his objections.

In the court's reading of Bandy's Motion for Equitable Tolling and his objection to the R & R, he focuses primarily on the issue of equitable tolling, arguing that he should be entitled to such tolling to preserve his Petition.  Equitable tolling "allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Parks v. Hudson,* No. 1:07CV3388, 2009 U.S. Dist. LEXIS 87221, at *22 (N.D. Ohio July 16, 2009) (quoting *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotations omitted)).  It is well-settled that "a petitioner 'seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In making this determination, courts also must consider the following: "(1) a petitioner's lack of notice of the filing requirement; (2) a petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) a petitioner's reasonableness in remaining ignorant of the legal consequences for filing his claim." *Id.* at *22-23 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001)) (internal quotations omitted).

In the instant case, Bandy claims he was never instructed by the trial court about his right to appeal.  This fact alone, however, is insufficient to rise to the level of the extraordinary

circumstances that warrant equitable tolling.  *See Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002).  Additionally, Bandy has failed to present any evidence that he diligently pursued his rights.  He waited six years after his time for direct appeal expired before filing his delayed appeal, despite the fact that he admits he started "investigating his case" two years prior to filing an appeal in state court.  (Motion for Delayed Appeal, ECF No. 10-6 at 21.)  The record further indicates that Bandy filed a *pro se* motion with the trial court on September 30, 2002, entitled a "Motion for the Appointment of Appellate Transcript at State's Expense."  While it is unclear exactly what Bandy was seeking with this Motion, it indicates that he had some knowledge of his right an appeal.   Accordingly, the court rejects Bandy's arguments that equitable tolling is warranted under these factors.

The Sixth Circuit has also found equitable tolling proper where the petitioner makes a credible claim of actual innocence.  *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).  Actual innocence requires "allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial."  *Kimble v. Gansheimer*, No. 4:08CV1048, 2009 U.S. Dist. LEXIS 113297, at \*25 (N.D. Ohio June 26, 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  Furthermore, "actual innocence means factual innocence, not mere legal insufficiency," and requires a petitioner to present new facts that raise doubts sufficient to "undermine the confidence in the result of the trial." *Souter*, 395 F.3d at 590.

In the instant case, Bandy pled guilty to murder.  District courts within the Sixth Circuit are split on whether a person who pled guilty can now assert actual innocence. *See Mitchell v. Jones*, No. 05-CV-73190, 2006 U.S. Dist. LEXIS 5588, at \*9 (E.D. Mich. Jan. 31,

2006) ("[A] guilty plea to open murder negates [petitioner's] claim that he is actually innocent."); *Hudach v. Money*, No. 3:04CV7192, 2007 U.S. Dist. LEXIS 38414, at \*9-\*10 (N.D. Ohio May 25, 2007) (finding that there are many factors that can motivate a guilty plea, therefore, no additional burden should be placed on a defendant seeking to prove actual innocence.). Assuming that Bandy is not precluded from asserting actual innocence, he has failed to proffer a credible claim of innocence. He points to the fact that he incorrectly relied on counsel when deciding to plead guilty, and he also discusses at length purported issues with the indictment to support his actual innocence claim. These arguments, however, relate to legal insufficiency and do not support factual innocence. He also mentions the fact that he later discovered evidence related to the victim's cause of death. He claims that there are new medical records demonstrating that the victim died from asphyxiation and not the stab wounds inflicted by Bandy. However, as Magistrate White concluded, this evidence was not new and the coroner testified at his co-defendant's trial that the victim died from a combination of factors including both the stab wounds and strangulation. Thus, this purportedly new evidence would not support his claim for actual innocence.

Upon careful review of the Magistrate Judge White's Report and Recommendation, Petitioner's objections and all other relevant files in the record, the court finds that the Magistrate's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Magistrate Judge White's Report and Recommendation (ECF No. 17.) The court also denies Bandy's Motion for Equitable Tolling (ECF No. 20) and denies as moot his Motion for Warden to Answer Why Petitioner is Being Held Against his Liberties to Law Library (ECF No. 21).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.

UNITED STATES DISTRICT JUDGE

January 19, 2010